IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LLOYD CURTIS CLARK III,

    Plaintiff,
v.                                                    CASE NO. 5:17-cv-155-MCR-GRJ

BAY CORRECTIONAL FACILITY, et al.,

    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

Plaintiff initiated this case by filing a Complaint, ECF No. 1, and seeks leave to proceed as a pauper, ECF No. 2.  The allegations of the Complaint stem from the conditions of confinement at Bay Correctional Facility.  Specifically, Plaintiff alleges that prison officials have defrauded the federal government by receiving educational funds for inmates who already have GEDs.  ECF No. 1.

Plaintiff executed the complaint under penalty of perjury.  ECF No. 1 at 7.  Section IV of the Court's civil rights complaint form requires prisoners to disclose information regarding other lawsuits, including whether they have initiated other actions in state or federal court dealing with the same or similar facts involved in the instant case, whether they have initiated other cases dealing with the fact or manner of their incarceration (including

habeas corpus petitions), and whether they have ever had any actions in federal court dismissed as frivolous, malicious, for failure to state a claim, or prior to service, and if so to identify each and every case so dismissed. ECF No. 1 at 3-4.  The form expressly warns that "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL."  ECF No. 1 at 3.

In response to these questions, Plaintiff represented that he had filed only one prior federal civil action: *Clark v. Subasavage*, Case No. 5:15-cv-50-WS-CJK (N.D. Fla. 2/1/16) (voluntary dismissal).  *Id*. at 3-4.

A review of the Court's PACER case index reflects a total of 14 federal civil prison condition cases filed by Plaintiff in the Middle and Northern Districts of Florida from 1992 through 2017, including this case. The Court has confirmed that all of the prior cases identified in PACER were filed by the same Plaintiff as in this case, having DOC inmate number 933876.  Moreover, at least two of Plaintiff's prior cases count as "strikes" for purposes of 28 U.S.C. § 1915(g): *Clark v. Henderson*, Case No. 8:04-cv-1893-JDW-MSS (M.D. Fla. 10/13/04) (dismissed for failure to state a

claim); *Clark v. Barcellona*, Case No. 8:05-cv-2020-JDW-TGW (M.D. Fla. 11/30/05)(dismissed for failure to state a claim).  Because of the age of some of Plaintiff's prior cases, the Court is unable to determine at this time whether Plaintiff has additional "strikes".

In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe previous lawsuits warrants dismissal of the complaint for abuse of the judicial process.  *See Redmon v. Lake County Sheriff's Office*, No. 10-11070, 2011 WL 576601 *4 (11th Cir. Feb. 10, 2011).*[1]*  In *Redmon,* the Eleventh Circuit affirmed the dismissal of a prisoner's civil rights complaint that did not disclose a previous lawsuit.  The plaintiff argued that he "misunderstood" the form, but the Court held that the district court had the discretion to conclude that the plaintiff's explanation did not excuse his misrepresentation because the complaint form "clearly asked Plaintiff to disclose previously filed lawsuits[.]"  *Id*.  The Court determined that dismissal was an appropriate sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged
> in bad faith litigiousness or manipulative tactics warrants
> dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th

---

[1] Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

>  Cir.1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed.R.Civ.P. 11(c).  Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

*Id*.

In addition to revealing whether a prisoner is subject to the PLRA's "three strikes" provision, the information required on the form assists the Court in efficiently managing prisoner litigation by showing whether a complaint is related to or is affected by another case.  The failure to exercise candor in completing the form, while acknowledging that the answers are made under penalty of perjury, impedes the Court in managing its caseload and merits the sanction of dismissal.  *See Redmon*, 2011 WL 576601, at *4; *Johnson v. Crawson*, No. 5:08-cv-300, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) ("If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants."); *Paulcin v. McNeil*, No. 3:09-cv-151, 2009 WL 2432684, at *2 (N.D. Fla. Aug. 6, 2009)

("If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it.").

In this case, Plaintiff did not represent that he brought other prior federal cases but could not recall details. He affirmatively represented that there was only one prior case. Given the large number of other cases, Plaintiff's lack of candor should not be excused.

The undersigned therefore concludes that dismissal of this case for abuse of the judicial process is an appropriate sanction for Plaintiff's lack of candor. The dismissal of this case for abuse of the judicial process will be without prejudice to Plaintiff re-filing his claims, but will operate as a "strike" pursuant to 28 U.S.C. § 1915(g). If Plaintiff accumulates three strikes he will be prohibited from proceeding as a pauper in a civil case while he is incarcerated, unless he can demonstrate that he satisfies the "imminent danger" exception to the three-strikes bar.

Accordingly, it is respectfully **RECOMMENDED** that leave to proceed as a pauper be denied and that this case should be **DISMISSED** without

prejudice for abuse of the judicial process.

**IN CHAMBERS** this 13th day of June 2017.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**